**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

In re:

NILHAN FINANCIAL, LLC,                         Case No. 8:17-bk-03597-MGW
                                                Chapter 7
    Debtor.
_____/

**TRUSTEE'S AND CREDITORS' RESPONSE AND OBJECTION
TO CHITTRANJAN THAKKAR'S MOTION TO RECONSIDER
ORDER GRANTING MOTION TO APPROVE COMPROMISE
OF CONTROVERSY OR SETTLEMENT AGREEMENT**
(Doc. No. 308)

Douglas N. Menchise, Chapter 7 Trustee of the bankruptcy estate of Nilhan Financial, LLC (the "Trustee"), together with SEG Gateway, LLC and Good Gateway, LLC (the "Creditors"), by and through their undersigned counsels, hereby files their response and objection to the Motion To Reconsider Order Granting Motion To Approve Compromise Of Controversy Or Settlement Agreement (the "Reconsideration Motion") (Doc. No. 308) filed by Interested Party, Chittranjan Thakkar ("C. Thakkar"), as follows:

**Requested Relief**

This Court should deny the Reconsideration Motion. C. Thakkar raises no new evidence, intervening change in controlling law, or facts to describe a need for this Court to correct clear and manifest injustice, which are the relevant standards upon reconsideration. Instead, C. Thakkar misstates two facts that he relies upon for the request for reconsideration: (i) that his counsel's withdrawal on the eve of trial created him no ability to seek alternative counsel and/or prepare for the trial; and (ii) that equity was not provided an opportunity to make a higher and better offer to the Trustee. These allegations are simply false.

1

**Background**

1. On March 21, 2017, an involuntary petition for relief under Chapter 7 of the Bankruptcy Code (the "Involuntary Petition") was filed against the Debtor by a creditor, Moffa & Breuer, PLLC.

2. The case was ultimately converted to a Chapter 7, with the Trustee appointed thereafter.

3. There are related bankruptcy cases pending before this Court, multiple adversary proceedings, multiple appeals before the district court, and multiple contest matters all involving the Debtor (and now Trustee), C. Thakkar, the other related debtors (and that Chapter 7 Trustee) (the "Related Trustee"), and the largest creditors in all of the estates, the Creditors.

4. Through a series of meetings, negotiations, analysis of all of the pending matters both legally and factually, the Trustee and Creditors, together with the Related Trustee entered into a multi-faceted settlement agreement essentially resolving all pending matters and disputes between the various estates. This resulted in the conclusion of litigation spanning over six (6) years.

5. During these negotiations, the Trustee met with C. Thakkar and his counsel to discuss alternatives to a settlement with the Creditors. And, after the filing of the motion to compromise, the Trustee through counsel and himself continued to encourage C. Thakkar to offer a higher and better amount to the Trustee or alternatives to the settlement with the Creditors. C. Thakkar did not offer any other alternatives that were better for the creditors overall.

6. On August 30, 2018, this Court held a trial on the various motions to compromise and related objections. At the trial, the Trustee testified that C. Thakkar had not offered a higher amount of money to the estate or alternatives to the current settlement. Although the Trustee

stated that a higher amount and taking on the risks of litigation could represent a higher and better offer than the one with the Creditors and Related Trustee, at no time was this offered by C. Thakkar. Hypotheticals are not offers. At the trial, C. Thakkar presented evidence and trial testimony outlining why he believed the settlements were not in the best interest of the creditors. This Court admitted all of the evidence introduced by C. Thakkar. Nevertheless, at the conclusion of the trial, this Court determined, in weighing all of the evidence presented to him, that it was in the best interest of creditors of all of the estates to grant the motions to compromise and overrule the objections.

7. C. Thakkar timely seeks reconsideration of that determination.

## **Argument**

Reconsideration is justified under three circumstances: "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear and manifest injustice." *In re Gedda*, 2015 WL 1137883, *2 (Bankr. M.D. Fla. 2015)(citing *In re Envirocon Intern. Corp.*, 218 B.R. 978, 979 (M.D. Fla. 1998)). At issue in the Reconsideration Motion is the third circumstance listed for justified reconsideration. Specifically, C. Thakkar argues that this Court should grant a new trial or amend its Order Approving the Compromise of Controversy or Settlement Agreement ("Order") to "prevent injustice." [Dkt. 308 at 3]. When the basis for reconsideration is to prevent injustice, a prior decision should not be altered absent a "showing of clear and obvious error." *Prudential Securities, Inc. v. Emerson*, 919 F.Supp. 415, 417 (M.D. Fla. 1996). Besides establishing error, in order "[t]o prevail on a motion for reconsideration, the moving party must present new facts or law of a strongly convincing nature." *Lomax v. Ruvin*, 476 Fed. Appx. 175, 177 (11th Cir. 2012). These new facts are important because "[a] motion for reconsideration cannot be used to relitigate old matters, [or]

3

raise arguments or present evidence that could have been raised prior to the entry of judgment." *In re Gedda*, 2015 WL at *2 (explaining that reconsideration was not appropriate for a motion seeking to correct injustice when all of the arguments presented by the movant either relitigated issues or asserted arguments and evidence that could have been raised prior to judgment).

In the Reconsideration Motion, C. Thakkar fails to raise any new facts, new issues, or establish error; instead, he improperly focuses on facts and evidence that were known before the entry of the Order. *See Prudential Securities*, 919 F.Supp. at 417 (stating "a district court's denial of reconsideration is especially soundly exercised when the party has failed to articulate any reason for the failure to raise an issue at an earlier stage in the litigation."). C. Thakkar has not offered any alternatives. The time for those true negotiations and considerations has passed. Therefore, reconsideration of the Order would be inappropriate and the Reconsideration Motion must fail.

## Conclusion

This Court did not err when it determined that the settlement agreement was in the best interests of the creditors of the estate. C. Thakkar presented substantial evidence in an attempt to persuade this Court that the settlement was not in the best interest of the creditors; however, this Court, in weighing the testimony and evidence determined that the objection should be overruled. There is no new evidence or facts that support a finding of manifest injustice.

WHEREFORE, Douglas N. Menchise, Chapter 7 Trustee of the bankruptcy estate of Nilhan Financial, LLC, respectfully requests that this Court enter an Order denying C. Thakkar's Motion for Reconsideration, upholding the Order granting Confirmation of Controversy or

Settlement Agreement, and granting any other relief this Court deems just and proper.

Dated: October 29, 2018

>*/s/ Lara R. Fernandez*
>LARA R. FERNANDEZ
>Florida Bar No. 0055800
>lfernandez@trenam.com
>STEPHANIE C. LIEB
>Florida Bar No. 0031806
>slieb@trenam.com
>TRENAM, KEMKER, SCHARF, BARKIN, FRYE, O'NEILL & MULLIS, P.A.
>101 E. Kennedy Boulevard, Suite 2700
>Tampa, Florida 33602
>Telephone: (813) 223-7474
>
>*Attorneys for the Chapter 7 Trustee*
>
>And
>
>*/s/ R. Scott Shuker*
>R. SCOTT SHUKER
>Florida Bar No. 984469
>rshuker@lseblaw.com
>LATHAM, SHUKER, EDEN & BEAUDINE, LLP
>111 North Magnolia Avenue, Suite 1400
>Orlando, FL 32801
>Telephone: (407) 481-5800
>
>*Attorneys for Creditors SEG Gateway, LLC and Good Gateway, LLC*

### **CERTICIFIATE OF SERVICE**

I HEREBY CERTIFY that on October 29, 2018, the foregoing TRUSTEE AND CREDITORS' RESPONSE AND OBJECTIONS TO CHITTRANJAN THAKKAR'S MOTION TO RECONSIDER ORDER GRANTING MOTION TO APPROVE COMPROMISE OF CONTROVERSY OR SETTLEMENT AGREEMENT was served electronically to all registered CM/ECF participants.

>*/s/ Lara R. Fernandez*
>Attorney